**BLAUGRUND v. UNITED STATES**
(two cases).

Nos. 336, 337.

District Court, W. D. Texas, El Paso Division.

Dec. 31, 1946.

Potash & Cameron, of El Paso, Tex., for complainants.

J. M. Burnett, U. S. Atty., of San Antonio, Tex., and Holvey Williams, Asst. U. S. Atty., of El Paso, Tex., for the United States.

BOYNTON, District Judge

Actions brought by plaintiffs in above numbered and styled cases for refund of taxes paid by plaintiffs under protest for the calender years of 1937 and 1938, respectively, claimed by plaintiffs exempt as gift taxes; alleged erroneously claimed, illegally assessed and collected by the Commissioner of Internal Revenue. It appearing, and on motion of interested parties, plaintiffs and defendant, that each case would be tried upon the same facts and each present an identical question of law, said cases were consolidated and tried together.

### Findings of Fact.

1. That during the calendar year 1937 J. B. Blaugrund gave to his wife, Margaret Blaugrund, Trustee, for his two minor children, Maurice Blaugrund and Yetta Ann Blaugrund, as gifts to said minor children, shares of stock and property of the value and in the total sum of Ten Thousand ($10,000.00) Dollars; for each of said minor children in the sum of Five Thousand ($5,000.00) Dollars.

2. That during the calendar year 1938 J. B. Blaugrund gave to Margaret Blaugrund, his wife, as Trustee for his two minor children, Maurice Blaugrund and Yetta Ann Blaugrund, as gifts to his said minor children, shares of stock and property of the value of $22,000.00.

No other gifts were given by J. B. Blaugrund to Margaret Blaugrund for the benefit of said minor children during the year 1938, and no other gifts were made to said minor children directly or indirectly during the year 1938.

3. That the defendant, acting through the Internal Revenue Department, Commissioner of Internal Revenue, declined to approve said gifts, as entitled to any exemption under the Internal Revenue Law in effect, for calendar years 1937 and 1938, Revenue Act 1932, § 504(b), 26 U.S.C.A. Int.Rev.Acts, page 585; contending said stock and properties as given in trust to said Margaret Blaugrund, and that the donees did not receive an unrestricted right to the immediate use, possession and enjoyment of the trust income and corpus, and that such gifts in trust were of future interest against which no exclusions were allowable.

4. That in compliance with said disallowance by the Commissioner of Internal Revenue Margaret Blaugrund, Trustee, on the 7th day of August, 1942, paid the sum of $300.00 principal and $58.85 interest, total $358.85. That the same was paid under protest with rights of suit for recovery of same. For which said plaintiff brings suit herein for refund, together with six per cent interest from August 7, 1942.

5. That in compliance with said disallowance by the Commissioner of Internal Revenue, on February 12, 1942, plaintiff J. B. Blaugrund paid on August 7, 1942, the sum of $466.57 principal and $91.52 interest, total $558.09. That the same was paid under protest with right of suit for recovery of same. For which plaintiff brings suit herein for refund, together with six per cent interest from August 7, 1942.

6. That neither the donor, J. B. Blaugrund, or the Trustee, Margaret Blaugrund, had any interest in the corpus or the income from said gifts, and under the oral trust agreement entered into the income and the corpus belonged to the beneficiaries; and became immediately vested in them at time the gifts were made, and always belonged to them from the date of such gifts.

Conclusions of Law.

I. That this Court has jurisdiction of the causes of action here involved. 26 U.S.C.A. Int.Rev.Code, § 3772, and 28 U.S. C.A. § 41(20).

II. That under the provisions of the Internal Revenue Act, in effect for the calendar years 1937 and 1938, a gift in trust could be made to or for the benefit of a minor.

III. A gift to a minor may be made to a trustee, and a parent may act as such trustee; as in the case at bar.

IV. That an irrevocable gift to a minor, or minors, to a trustee, during the calendar years 1937 and 1938, respectively, for the benefit of such minor, or minors, under the Revenue Law of the United States as in effect for the calendar years 1937 and 1938, respectively; entitled the donor to an exclusion of $5,000.00 on each of two gifts aggregating $10,000.00, for each of the two calendar years 1937 and 1938, respectively; if the gifts be for the immediate use and benefit of the minor, or minors, as held by the Court in the case at bar.

V. In the case at bar the Court holds that the title to the stock and properties in question passed out of the donor, J. B. Blaugrund, at time of making such gifts and became vested in the minors. Possession of such properties, though being in the trustee, was for the immediate use and benefit of the beneficiaries, the minors.

Hence, judgment and decree will be entered herein in favor of plaintiff, in each of the above numbered and styled cases, against defendant, for refund of taxes paid, with interest thereon from date of payment of such taxes, as prayed for in bills of complaint of plaintiffs, respectively, and costs of court. Draft of judgment accordingly may be prepared by counsel for respective plaintiffs and submitted the Court for consideration and entry herein.